# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATIONSTAR MORTGAGE, LLC,

          Plaintiff,

vs.

702BUY.COM, LLC; NV FORECLOSURE SERVICES, LLC

          Defendants.

Case No.: 2:15-cv-00823-GMN-PAL

**ORDER**

Pending before the Court is Plaintiff Nationstar Mortgage, LLC's ("Plaintiff's") Motion for Default Judgment, (ECF No. 77), against Defendant NV Foreclosure Services, LLC and Defendant 702Buy.com, LLC (collectively "Defendants"). No responses have been filed.

## I.    BACKGROUND

This case arises out of a homeowner association's non-judicial foreclosure sale on September 18, 2012, of the property located at 7837 Faith Court, Las Vegas, Nevada 89131 (the "Property"). (Compl. ¶¶ 2, 26, ECF No. 1). A trustee's deed upon sale was recorded identifying NV Foreclosure Services, LLC as the grantee which allegedly paid $509.00 for the Property at the foreclosure sale. (*Id.* ¶ 27). The Property was sold again on October 2, 2014, when NV Foreclosure Services, LLC conveyed the Property to 702Buy.com, LLC. (*Id.* ¶ 28).

On May 1, 2015, Plaintiff filed its complaint, which was properly served, alleging claims for quiet title and permanent injunction against Defendants. (*See* Compl., ECF No. 1); (*see also* Motion Entry of Clerk's Default, ECF No. 48). The deadline for Defendants to respond to the complaint was November 16, 2015. (*See* Affidavits of Publication, ECF Nos. 34, 35). Defendants failed to appear, plead, or otherwise respond to the complaint within the time

allowed, and the clerk entered default against Defendants on June 23, 2016. (ECF No. 54). Plaintiff filed the instant Motion seeking entry of default judgment. (ECF No. 77).

## II. **LEGAL STANDARD**

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Fed R. Civ. P. 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III. **DISCUSSION**

Plaintiff moves for default judgment on its claims against Defendants for quiet title and permanent injunction. (*See generally* Mot. for Default J., ECF No. 77). Plaintiff has already complied with the two-step process required under Federal Rule of Civil Procedure 55. Specifically, pursuant to Rule 55(a), Plaintiff has moved for clerk's entry of default, (ECF No. 48), and the clerk subsequently entered default against Defendants on June 23, 2016, (ECF No.

54). In accordance with Rule 55(b), Plaintiff brings the instant Motion requesting that the Court enter default judgment, (ECF No. 77).

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of Plaintiff, and against Defendants in this action. The first *Eitel* factor weighs in favor of default judgment because Defendants have failed to appear. Courts in this district hold that a defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies this first factor. *See, e.g., ME2 Prods., Inc. v Sanchez*, No. 2:17-cv-667-JCM-NJK, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018); *Tropicana Entm't Inc. v. N3A Mfg.*, Inc., No. 3:16-cv-0257-LRH-VPC, 2018 WL 2088871, at *2 (D. Nev. May 3, 2018). Regarding the second and third *Eitel* factors, the Court finds Plaintiff's claims against Defendant are sufficiently pleaded and are meritorious with respect to its causes of action for declaratory relief and permanent injunction.

The fourth factor weighs in favor of default judgment because Plaintiff "does not seek monetary damages, but, rather seek[s] judgment that the senior deed of trust retains its priority position." (Mot. for Default J. 7:10– 11). The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, weighs neutrally on the balance. The litigation has not proceeded to the stage where the Court can readily discern the merits of Plaintiff's claims. Defendants failure to appear or otherwise defend itself in this action leaves the Court without evidence refuting material facts presented in Plaintiff's Complaint. In this regard, courts have recognized at the default-judgment stage that "[o]nce the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *ME2 Prods.*, Inc., 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)).

With respect to the sixth *Eitel* factor, the Court finds Defendants' failure to appear was not the result of excusable neglect. Defendants could not be served through their registered agents, and consequently, the Court granted leave to serve Defendants by publication. (Mot. for Default J. 5:9); (*See* Order, ECF No. 29). Defendants were served by publication on September 28, 2015, October 5, 2015, October 12, 2015, October 19, 2015, and October 26, 2016, and they failed to answer or otherwise respond to the Complaint. (*See* Affidavits of Publication, ECF Nos. 34, 35). The clerk's entry of default was entered against Defendants on June 23, 2016, (ECF No. 72), and Plaintiff filed the instant Motion on July 11, 2018, (ECF No. 77). Defendants' failure to appear, respond to Plaintiff's complaint, or otherwise file anything with respect to Plaintiff's motions counsels against a finding of excusable neglect. *See ME2 Prods., Inc.*, 2018 WL 1763514, at *3; *O'Brien*, 2010 WL 3636171, at *6.

The seventh and final *Eitel* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the Court concludes that default judgment is appropriate in light of the other *Eitel* factors.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 77), is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 18 day of October, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court